JUDGE LINDSAY
delivered the opinion oe the court.
The petition herein sets up a good cause of action. The conditions and stipulations of the contract are sufficiently-stated, and it is substantially averred that appellees were compelled to give up the contract and abandon the further prosecution of the-work by the arbitrary action of appellant in requiring them to work upon sections of the road where it was impossible to work successfully on account of high water and wet wéather, and upon other sections where appellant had not secured the right of way, and upon which they (the appellees) were forbidden by the owners of the land to enter; and further, that on account of their failure to oljserve these requirements appellees were notified that their monthly estimates would be withheld, and nothing paid them as the work progressed. It is also complained that the work was not staked off and prepared by appellant’s engineers, as provided *187 for by the contract. With these explanations for their failure to complete their contract, appellees coupled the allegation that fifteen per cent of the contract price of the work done and for which estimates had been made, and the entire contract price for the work done during the last month remained due and unpaid, and that in addition thereto appellees had been greatly damaged by not being allowed to complete the contract, they having made full and complete preparation therefor, and being ready, willing, and anxious to proceed with the work.
It might have been objected, before verdict that certain blanks in the petition were not filled; but it is too late now to consider that defect. It is also too late to object on account of redundant matter contained in the petition and the failure of appellees to state their cause of action in concise language, as required by section 118 of the Civil Code of Practice. Appellant answered without demurring to the petition, or moving to strike out the surplus matter, or asking that appellees should be required to set out their cause of action with greater precision and certainty.
So far as the first three grounds for a new trial are concerned it is only necessary to say that there was evidence before the jury conducing to establish appellees’ right to a recovery; that the verdict is not greater than was authorized by the testimony of some of the witnesses; and that the record presents no such state of fact as will authorize this court to conclude that the jury acted under the influence of passion or prejudice.
Upon the trial of the cause one of the plaintiffs, who was being examined as a witness, was asked by appellees’ counsel to state the amount of the loss sustained by them by reason of being compelled to abandon the contract. He was allowed to answer that question notwithstanding the objection of appellant, and he stated that the loss was six thousand dollars. He was then asked what the profit on the work would have been *188 if they had been allowed to complete the contract, and, con-, trary to appellant’s objection, he was allowed to answer that question.
It is insisted that these rulings were erroneous; that they are in conflict with the rule forbidding the estimation of damages upon the basis of a calculation of profits. This is not a rule of universal application.. Damages which are the natural and proximate consequence of the act complained of may undoubtedly be recovered. (2 Greenleaf on Evidence, side page 210.) So with damages that can be readily determined, and are such as may reasonably be inferred to have been contemplated by the parties. (Barker & Co. v. Mann, Bennett & Co., 5 Bush, 679; Hadley v. Baxendale, 9 Exchequer, 341.) Profits which are the direct and immediate fruits of the contract alleged to have been violated are part and parcel of the contract itself, and-must have been in the contemplation of the parties when the agreement was entered into.
Profits growing out of the execution of the work contracted to be done, as the building of a house or the erection of a bridge, come within the rule indicated, and in all such cases the contractor who has been wrongfully prevented from completing the work may recover such profits as, according to the usual course of things, he would otherwise have realized. (Fox v. Harding, 7 Cush. 516; 13 Howard, 307; 6 McLean’s C. C. Rep. 612; Thompson v. Jackson, Owsley & Co., 14 B. Mon. 92.)
The difference between these cases and that of Chamberlin v. McAlister (6 Dana, 352), where the contractor in an action of covenant sought to recover the full contract price for work he had not been permitted to perform, is perfectly manifest. And so with the case of Lord v. The City of Louisville (MS. Opinion). In that case the right of Lord to do the work was dependent upon the ability of the city to secure the right of way over the land through which the proposed sewer was to *189 be constructed. The city failed to secure the right of way, and on that account, a contingency evidently contemplated by the parties when the contract was entered into, the work had to be given up.
In the case under consideration the appellees had actually commenced the work, and were at the time they allege they were compelled to abandon it in good faith, as they claim, engaged in constructing and finishing in the most substantial and workman-like manner “ the graduation, bridge and culvert masonry, trestling,” etc., of the sections of appellant’s road embraced by their contract. If such was the case, and they were without fault upon, their part prevented by appellant from completing the work, they are entitled to recover for profits under the limitations hereinbefore stated.
The court therefore did not err in permitting the two questions heretofore stated to be answered.
The character of proof by which appellees undertook to show that Latrobe, the engineer immediately in chai’ge of the work upon which they were engaged, was incompetent seems liable to no valid objection.
Instruction No. 1, given for appellees, left to the jury the determination of the question as to whether the conduct of appellant was such as to compel them to abandon the further prosecution of their contract, and seems to be unobjectionable. Instruction No. 2 is not as explicit as it might have been, but it did not tend to mislead the jury to the prejudice of appellant; and -appellant certainly can not complain that the elements going to make up appellees’ damages were not specifically set out in view of the first instruction given upon its own motion, by which the jury were told that they were the “judges of the damages sustained under the proof,” and should “take into consideration all of the evidence and facts proven.”
It was the duty of appellant to acquire the right of way for its road, and it could not require appellees to disregard the *190 wishes of land-owners merely because it was delayed in procuring such right of way by legal proceedings.
Appellees did not forfeit their right to the fifteen per cent reserved in the hands of the company if they were driven from the work by the unreasonable and arbitrary conduct of those representing the company.
Instructions Nos. 6 and 7, for the reasons given, were properly refused.
Judgment affirmed.