## Asher, et al. v. Howard, et al.

(Decided December 14, 1917.)

### Appeal from Leslie Circuit Court.

1. Logs and Logging—Contract for Logs—Action for Breach—Damages—Instructions.—Where in an action for the purchase price of logs, defendants counter-claimed for damages for failure to deliver in proper time, an instruction telling the jury that if they believed from the evidence that plaintiff agreed by either or all of the first, second or third contracts, which were offered in evidence, to deliver a quantity of logs to defendants in Red Bird, at the mouth of Bear creek, and failed to deliver any portion of said logs, and such failure to deliver said logs was not caused by any fault of defendants, they should find for the defendants, is not subject to the complaint that it authorized no damages if plaintiff actually delivered some logs.

2. Damages—Special Damages.—Where special circumstances have been communicated to a party at the time of the making of a contract which go to show that the breach will involve special damages, such damages may be recovered although not the result of an ordinary breach.

3. Damages—Breach of Contract—Loss of Profits—Pleading.—Where a party to a contract seeks to recover special damages by way of profits which he would have realized on a contract with a third party, it is just as necessary to allege that the party committing the breach knew at the time of the execution of the contract sued on, that the other contract had been or would be executed, as it is to allege the prior or subsequent execution of such other contract.

4. Damages—Breach of Contract—Loss of Profits—Instructions.—An instruction permitting special damages by way of lost profits is not authorized, unless such damages are properly pleaded.

5. Damages—Finding of Jury—Sufficiency of Evidence.—Where in an action for the purchase price of logs, defendants counter-claimed for damages for failure to deliver in proper time, evidence examined and held that the finding of only a small amount of damages in favor of defendants, was not flagrantly against the evidence.

CLEON K. CALVERT for appellants.

L. D. LEWIS and JAMES G. BEGLEY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

E. S. Howard & Son, brought this suit against Asher and Hensley, to recover a balance due on certain

logging contracts. The defendants pleaded a counter-
claim for damages and asked judgment over against the
plaintiff. The jury found for plaintiff in the sum sued
for and allowed the defendants the sum of $58.95 on
their counterclaim. Judgment was entered accordingly
and the defendants appeal.

The suit and counterclaim grow out of three con-
tracts. By the first contract which was dated December
12, 1899, E. S. Howard, in the name of E. S. Howard &
Son, agreed to cut, saw, and deliver to the defendants
at the mouth of Bear Creek, not less than 1,500 nor more
than 2,000 saw logs of certain sizes and dimensions at
the price of $9.00 per thousand feet for first class logs
and $6.00 per thousand feet for second class logs, the
delivery to be made by March 1st, 1900, and defendants
agreed to pay Howard 25% of the purchase price on
March 1st, 1900, and the balance when the logs were de-
livered. By the second contract, which was dated Dec-
ember 7, 1900, E. S. Howard agreed to cut, saw, and
deliver at the same destination, not less than 450 nor
more than 500 logs of the same kind and dimensions and
at the same price, the delivery to be made by February
1, 1901. By the third contract, which was dated Jan-
uary 5, 1901, John Slusher and E. S. Howard, agreed to
cut, saw, and deliver at the same destination, not less
than 1,500 nor more than 1,700 saw logs of the same
kind and dimensions, and at the same price, the delivery
to be made by February 1, 1902. Each of these con-
tracts contained a provision that if the party of the
first part failed to use due diligence in delivering said
logs, the second parties should have the right in their
discretion to employ hands to deliver said logs, and
charge the cost thereof to the party of the first part,
and retain same out of the amount due party of the first
part. It was further provided in each contract, that if
deliveries were not made by a certain date, the contract
price was to be discounted by 15%, and if not made by a
subsequent date, the parties of the second part had the
right to take possession of and control said logs without
further payment or at their option to charge any or all
of them back to first party at contract price, and retain
out of same any money owing to first party.

According to the evidence for the defendants, plain-
tiff delivered 845 logs under the first contract, and no
logs whatever under the second contract. Under the
third contract plaintiff delivered only 374 logs, while

defendants themselves, under their option, cut, sawed, and delivered 795 logs, for which plaintiff was given credit, thus leaving 331 logs which were not delivered.

In their counterclaim, defendants alleged that they had sold the logs purchased from plaintiff at a profit of $2.00 per thousand feet, to the Ford Lumber and Mfg. Company, and were damaged by reason of plaintiffs' failure to deliver 655 logs under the first contract, in the sum of $387.76, by reason of his failure to deliver 450 logs under the second contract, in the sum of $260.40, and by his failure to deliver 795 logs under the third contract, in the sum of $417.36. The counterclaim, however, did not allege that the three contracts between the plaintiff and defendants were made in contemplation of the contract which the defendants had with the Ford Lumber and Mfg. Company, or that the plaintiff knew or was informed of the existence of such contract.

The first ground urged for a reversal is error in instruction No. 2, which is as follows:

"Although you may or may not find for plaintiff under instruction 1 above, if you shall believe from the evidence the plaintiff agreed by either or all of the first, second or third contracts, which were offered in evidence, to deliver a quantity of saw logs to defendants in Red Bird, at the mouth of Bear Creek, and failed to deliver any portion of said logs, and such failure to deliver such logs was not caused by any fault of defendants, you will find for defendants, and the measure of your finding will be the difference between the market value of said logs at the mouth of Bear Creek in Red Bird, and the contract price at the time of delivery provided for in the contract, not to exceed the sum of $1,065.52. If you do not so believe your finding will be for plaintiff on this point."

This instruction is first attacked, because of the employment of the words "and failed to deliver any portion of said logs." In this connection, it is argued that a delivery of some logs was not a compliance with the contracts, and that under the instruction the jury could find nothing under the first and third contracts, because plaintiff actually delivered some logs under those contracts. Clearly this criticism is without merit. The instruction is not susceptible of the construction that no damages were to be allowed if the plaintiff actually delivered some logs under the contracts. On the contrary

it plainly authorized the finding of damages if plaintiff failed to deliver any logs contracted for.

The second complaint of the instruction is, that the measure of damages is erroneous, it being insisted that under the circumstances of this case, defendants were clearly entitled to recover not the difference between the contract price of the logs and their market price at the place of delivery, but the difference between the contract price and the price which the Ford Lumber and Manufacturing Company had agreed to pay the defendants. There can be no question, that where special circumstances have been communicated to a party at the time of the making of a contract which go to show that the breach will involve special damages, such damages may be recovered although not the result of an ordinary breach. Hence, when a party makes a contract and then notifies the other contracting party that such contract is made with reference to a contract already entered into or contemplated between him and a third party, he is not confined to ordinary damages for violation of the original contract, but may recover such damages as necessarily result from the breach, or the profits which he would have realized from such other contract, had the contract sued on been performed. Pulaski Stave Company, &c. v. Miller's Creek Lumber Co., &c., 138 Ky. 372, 128 S. W. 96; Elizabethtown, &c. R. R. Co. v. Pottinger, 10 Bush 185. However, since such special damages do not ordinarily flow from a breach of contract, it is necessary that they be pleaded by the party claiming them. To this end it is just as necessary to allege that the party committing the breach knew at the time of the execution of the contract sued on, that the other contract had been or would be executed, as it is alleged the prior or subsequent execution of such other contract. Newman on Pleadings and Practice, section 323. Here the answer and counterclaim of defendant did not allege such knowledge on the part of plaintiff. That being true, an instruction permitting a finding of special damages was not authorized, and the trial court did not err in fixing the measure of damages as the difference between the contract and market price of the logs in question.

Lastly, it is insisted that the finding of the jury is flagrantly against the evidence, because it was conclusively shown that the plaintiff failed to deliver a larger number of logs than the jury allowed damages

for.  While it may be true that plaintiff failed to deliver a large portion of the logs contracted for, it does not appear that defendants suffered any substantial damages, since it was not shown that there was any material difference between the contract price of the logs and their market price at the place of delivery.  Indeed, for aught that appears in the record on this point, defendants may have been benefited by plaintiff's breach of the three contracts.  Under these circumstances, it can not be said that a finding of damages on the counterclaim in the sum of $58.95, is flagrantly against the evidence.

Judgment affirmed.