## Johnson v. Mitchell, et al.

(Decided October 7, 1921.)

## Appeal from Pulaski Circuit Court.

1. Principal and Agent—Good Faith of Agent.—An agent is required to exercise the utmost good faith toward his principal in the discharge of his duties as such, and where he is employed to sell property of his principal he cannot become the purchaser thereof without fully and completely acquainting his principal with all the facts. If he should violate such requirements he subjects himself to any appropriate action by his principal to correct the wrong.

2. Brokers—Duties and Liabilities to Principal.—A real estate broker while his agency existed purchased the land, which was its subject matter, from his principal for much less than he had been offered for it by a customer, who shortly afterwards purchased it from him for an increased consideration above the original offer, which was never communicated to his principal: Held, that the principal could recover from him as damages the difference between the price he paid for the land and the one he realized when he sold it.

KENNEDY & HAYS for appellant.

E. T. WESLEY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellees and plaintiffs below, R. O. Mitchell and others, owned a farm containing about one hundred acres, located near the city of Somerset, in Pulaski county. The appellant and defendant below, R. L. Johnson, was a real estate broker and bought and sold land for others. Some time in the autumn of 1917 plaintiffs listed their farm with defendant for sale, which was done by oral contract, and there was no limitation of time within which he might sell it. On November 21, 1917, and while the land was yet in his hands for sale, he agreed to purchase it from plaintiffs for the sum of $7,500.00, and three days thereafter they executed to him a deed. Within less than a year plaintiffs filed this action against defendant seeking to recover judgment against him for the sum of $1,050.00 upon the ground that at the time he purchased the land from them he, while he was acting as their agent, had been offered for it the sum of $8,500.00, which offer was made by Mrs. Alta C. Johnson, who was not related to defendant, and that shortly after he received his deed from plaintiffs he sold the land to her

for the sum of $9,000.00; that he was to receive five per cent commission for making the sale, which amounted to $450.00, leaving a net sum realized of $8,550.00; the difference between which sum and that paid plaintiffs by defendant for the farm was $1,050.00, the amount sought to be recovered.

It was alleged that defendant had practiced a fraud upon plaintiffs by taking advantage of the information he received because of the confidential relation of principal and agent, and had concealed from them the fact that he had been offered $8,500.00 for the land, or that he had a prospective purchaser for it in the person of Mrs. Johnson, or any one else. It was further alleged that under the agreement between plaintiffs and defendant they were to receive for the farm no less than $8,000.00 net, he to receive his agreed commission, provided it did not reduce the net sum below $8,000.00. The answer admitted the agency but denied some of its alleged terms, and denied the alleged fraud or that he had received any offer for the land before he purchased it.

The action was brought in equity and was tried by the court as such, there being no motion made to transfer it to the ordinary docket. Upon submission the court rendered judgment in favor of plaintiffs for the sum of $708.00, to reverse which defendant prosecutes this appeal.

That the relation of principal and agent is one of extreme confidence and requires of the latter the exercise of the utmost good faith is a doctrine universally admitted and enforced, and it applies with all of its vigor to a broker who has in his possession or control property of his principal for sale. 9 Corpus Juris, 536; 4 R. C. L. 276-277; Sutton and Cummins v. Kiel Cheese and Butter Co., 155 Ky. 465, and Spottswood and Son v. Estes, 165 Ky. 743. Wthin this rule, as will be seen from the authorities referred to, the broker may not deal with the subject matter of the agency for his own advantage without fully disclosing to his principal all of the facts within his knowledge, and if he does so without such disclosure and realizes a profit to himself individually, he may be made to account to his principal therefor. The latter rule is thus stated in Corpus Juris referred to on page 537: "Unless the principal is fully advised of the facts, a broker is not permitted to deal with the subject matter of his agency for his own advantage, but must give the principal the benefit of any profit which he may make in

the transaction." And in R. C. L. referred to a portion of the text says: "In the estimation of the law the duties of buyer and seller are so incompatible that a broker cannot discharge them both; and it has therefore placed its ban upon a broker either purchasing from, or selling to, his principal, unless the latter, with full knowledge of all the facts and circumstances, acquiesces in such a course; and even then the broker's actions throughout must be characterized by the utmost good faith, and in the event of any litigation between him and his employer the burden is upon him to prove both the permission and the exemplary manner in which he availed himself of it." Each excerpt is supported by numerous cases cited in the notes, and we take it that there is no authoritative utterance to the contrary.

If then, the testimony heard upon the trial is sufficient to support the finding of the court as to the facts there can be no doubt of the propriety of the judgment. Defendant admits the agency and admits offering the land to Mrs. Johnson on the very day he obtained the deed, for the sum of $10,000.00, but stated at the time that prior to his purchase she had inspected the land with a view of purchasing it and that he then offered it to her for the sum of $10,000.00, but said to her that it might be bought for less than that sum. She says that at that time she agreed to pay for it the sum of $8,500.00, and that she afterwards, and before defendant made his purchase from plaintiffs, wrote him a letter in which she made the same offer, but he testified that he did not receive it. He told his partner, a Mr. Guinn, to whom he delivered a horse in payment of his part of the commissions, that he believed Mrs. Johnson would purchase the place, and when asked if she made him any offer by letter to purchase the land he answered: "No permanent proposition." There are other facts and circumstances in the case pointing strongly to the conclusion that defendant purchased the farm with a view of reselling it to Mrs. Johnson, and after he had convinced himself that she would pay a considerably advanced price above what he paid for it, and that he did not impart any of that information to either of the plaintiffs. At any rate, the testimony is abundantly sufficient to support the finding of the chancellor to that effect, and hence the case is brought directly within the doctrine above announced, and the court did not err in rendering judgment in favor of plaintiffs.

But it is insisted that the amount recovered is calculated upon an erroneous basis, and is excessive, and for that reason the judgment should be reversed. We are unable to agree with this contention. Eight thousand dollars of the agreed consideration to be paid by Mrs. Johnson for the land was in deferred payments to be evidenced by notes, but before the sale to her was consummated by the execution of a deed there was a disagreement between her and the defendant as to whether the deferred payments should bear interest from date or only after their maturity. That disagreement was compromised by dividing equally the interest on the deferred payments from their date till their maturity. The total interest, as thus calculated, was $720.00, one-half of which was $360.00, which deducted from the total consideration of $9,000.00, left $8,640.00 as the net sum that defendant received for the land. Five per cent commission on that sum was $432.00, leaving the net amount which plaintiffs should have received of $8,208.00, and being $708.00 more than they did receive from defendant. The latter figures represented his profits in the sale to his vendee and the amount which plaintiffs were entitled to recover.

There being no error in the judgment, it is accordingly affirmed.