## Duff v. Smith.

Jan. 17, 1939.

Kendrick S. Alcorn, Special Judge.

JESSE MORGAN, S. E. DUFF and W. E. FAULKNER for appellant.

D. G. BOLEYN and T. E. MOORE, JR., for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, C. E. Duff, brought this action against appellee, J. A. Smith, in April, 1936, seeking to recover $1,500 under an alleged contract relating to the purchase of a piece of property in Hazard, Kentucky. Appellee filed a general demurrer to appellant's petition,

which was overruled. He then filed his answer denying appellant's allegations and stating that appellant had approached him as a friend and told him that he knew where an investment could be made by appellee and that he wanted nothing for his services in connection with the transaction, and that after learning certain facts in connection with the property in question he immediately notified appellant to disregard the letter setting forth the purchase proposition by him. He further stated that this notice was given prior to the time appellant claims to have acted under the writing relied upon, and that the terms of the writing were not accepted by appellant. Appellant filed a reply to appellee's answer in which he denied the affirmative allegations therein. The regular judge having disqualified himself in the case, the special judge on June 24, 1937, reconsidered appellee's demurrer to appellant's petition and sustained the same. Appellant filed an amended petition in which he adopted and reaffirmed such allegations in the original petition as were consistent with his amended petition, and then set forth the conditions of the alleged transaction upon which he based his claim for $1,500 damages. The amended petition was filed without objection and upon agreement of parties the action was submitted to the court for judgment upon the general demurrer of appellee to appellant's petition as amended. A judgment was entered sustaining the demurrer because the petition as amended did not state facts sufficient to constitute a cause of action. Appellant declined to plead further and his petition was dismissed, and appellee was awarded his costs, to all of which appellant objected and prayed an appeal to this court which was granted. Appellant appeals.

Duff bases his claim against Smith on the following letter:

"March 18, 1936.

"Mr. C. E. Duff,
"Lexington, Ky.
"Dear Sir:

"If you can secure for me a one-third undivided interest in and to the property known as the Physicians Building, located on the west side of Main Street near the Hibler Hotel in this city, said interest to be free from all incumbrances of any kind or nature, and furnish me title to same with deed of general warranty, I will pay you or

694

the owner $9500.00; provided said owner will accept $5000.00 in Hazard, Kentucky, water bonds at par and accrued interest as payment on same; and provided further that I am able to secure a loan of not more than $4500.00 upon my personal note with $5000.00 City of Hazard bonds as collateral.

"It is understood, however, that this property is to be in same good condition as it now is and said insurance shall come along with purchase of this property without additional charges to me.

"It is also understood that this proposition will not be valid after the fifth day of April, 1936.

"Very truly yours,
"[Signed] J. A. Smith."

Appellant alleged that he made the following notation on the bottom of the letter in the presence of appellee:

"I hereby accept the foregoing and agree to use my best efforts to secure this property for you in accordance with this letter.

"[Signed] C. E. Duff."

Appellant alleged further that he had arranged with an owner of a one-third interest in the Physicians' Building to sell his interest to Smith for $9,500 including the $5,000 worth of Hazard waterworks bonds, and that appellant had entered into an agreement with this owner to purchase the $5,000 worth of Hazard waterworks bonds for $3,500, or 70% of their par value. Appellant alleged further that he had found a purchaser for the bonds and that the purchaser was to pay him par value for them.

In his opinion sustaining appellee's demurrer to appellant's petition the trial judge pointed out that, while the action was nominally one for services as a broker, in reality it was one seeking to recover lost profits to the extent of $1,500 in the waterworks bond transaction. The trial judge pointed out further that, since the allegations showed the par value and the market value of the bonds to be the same, there was no ground for assuming that it was within the reasonable contemplation of the parties when the employment of appellant by appellee was made that appellant would obtain the bonds from the seller of the one-third interest in the Physicians' Building at less than their market

value. The trial judge also pointed out that the alleged arrangement between appellant and the seller of the property was not consistent with the standard of duty owed by an agent to his principal.

In urging reversal appellant insists that his amended petition stated a cause of action, and that the contract he had with appellant as evidenced by the letter addressed to him and signed by appellant bearing date of March 18, 1936, does not come within the field of agency. He insists further that the arrangement was one which would warrant his recovering special damages when appellee failed to accept the deed to the property after he, appellant, had fulfilled the conditions set out in the letter of March 18th in producing a party who was willing to sell his one-third interest in the Physicians' Building under the conditions stated by appellee. We cannot agree with this contention, however, because it is our view that the letter of March 18th clearly indicates that appellant was acting as agent for appellee in attempting to get for him a one-third interest in the real estate in question. While it is true that the letter does not set out the rate of commission to which appellant would have been entitled had the transaction been completed, this of itself would not have prohibited appellant from collecting a reasonable fee for his services as agent for appellee had the transaction been completed.

Appellant was in the real estate and the bond business, and appellee had a right to expect that appellant would exercise the utmost good faith in representing him in the transaction. In the case of Johnson v. Mitchell, 192 Ky. 444, 233 S. W. 884, it was pointed out that an agent may not deal with the subject matter of the agency for his own advantage without fully disclosing to his principal all of the facts within his knowledge. In that case a real estate broker purchased land from his principal at the price at which it had been listed with him for sale, and later sold it for a profit. He was made to account to his principal for this profit. See, also, Maxwell v. Bates, 239 Ky. 600, 40 S. W. (2d) 304; and Central West Casualty Company v. Stewart, 248 Ky. 137, 58 S. W. (2d) 366.

Appellant cites the cases of Pulaski Stave Company v. Miller's Creek Lumber Company, 138 Ky. 372, 128 S. W. 96; Elizabethtown & P. Railway Company v. Pottinger, 10 Bush 185; Asher v. E. S. Howard & Son, 178

Ky. 398, 198 S. W. 1149; which involved special damages growing out of breached contracts, as authority for his action against appellee. But even in these cases, in which no question of agency was involved, it was pointed out that the party breaching the original contract was apprised of the fact the second party had entered into other contracts which were dependent upon the original one. In this connection, it should be recalled that appellant alleged that the market price and the par value of the Hazard waterworks bonds were the same, and that he sought to recover from appellee profits on the secret bond transaction with third parties which he alleged he would have made if appellee had purchased the one-third interest in the Physicians' Building.

Being of the opinion, as we have pointed out, that the relationship between appellant and appellee was one of agency, the trial court properly sustained the demurrer to the amended petition because it failed to state a cause of action.

Judgment affirmed.