RENDERED: FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0165-MR

HAMBURG PROPERTIES, LLC                                     APPELLANT


v.             APPEAL FROM FAYETTE CIRCUIT COURT
               HONORABLE JULIE M. GOODMAN, JUDGE
                        ACTION NO. 20-CI-03152


THE GIBSON COMPANY;
ATLANTIC APPRAISAL COMPANY;
AND BRADLEY KEAR                                            APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND McNEILL, JUDGES.

CALDWELL, JUDGE: Hamburg Properties, LLC ("Hamburg") appeals from the

Fayette Circuit Court's dismissal of its claims against The Gibson Company,

Atlantic Appraisal Company, and Bradley Kear. We affirm.

## FACTS

Hamburg bought property in an office condominium building in 2006. On October 27, 2020, Hamburg filed a complaint against Atlantic Appraisal Company ("Atlantic"), appraiser Bradley Kear ("Kear"), and real estate agency The Gibson Company ("Gibson").[1]  According to the complaint, Hamburg had discovered–based on a recent appraisal by Atlantic–on or shortly after October 29, 2019, that it owned less square feet on the third floor of the office condominium than it believed it had purchased in 2006.

Hamburg alleged that Gibson negligently misrepresented that Hamburg would be buying the full 10,000 square-foot third floor of the office condominium building during negotiations for the 2006 purchase–so the purchase price was based on Hamburg's acquiring 10,000 square feet of space on the third floor.  Hamburg similarly alleged that Atlantic and Kear had negligently misrepresented that Hamburg owned the full 10,000 square footage of the third floor in a prior appraisal that had been prepared for purposes of securing a bank loan to improve the premises.  According to Hamburg's complaint, Hamburg

---

[1] Hamburg filed a complaint solely against Gibson and Atlantic on October 20, 2020, and then filed an amended complaint adding Kear as a defendant on October 27, 2020.  Nothing else was filed in the case between the filing of the original complaint and the filing of the amended complaint.

expended significant sums on improving the third-floor common areas it believed it owned in reliance on the defendants' representations.

Hamburg sought damages including the difference in value and appreciation loss "regarding the 1,913 square feet not purchased, plus expenses associated with renovating common areas, plus losses related to the ability to re-sell the Premises, plus interest and court costs."

Atlantic and Kear filed a motion to dismiss or, in the alternative, motion for summary judgment. They argued that Hamburg's claim was barred by the one-year statute of limitations in KRS[2] 413.140(1)(f).[3] They claimed Hamburg had constructive notice of the square footage of the premises from the date of its purchase in 2006, so that the one-year statute of limitations had run more than thirteen years prior to the filing of the complaint. They attached to their motion, *inter alia*, a copy of an appraisal performed by Kear as an agent of Atlantic in 2007 which was prepared for a bank regarding a construction loan sought by Hamburg.

Gibson also filed a motion to dismiss, arguing that Hamburg's claim against it was barred by the one-year statute of limitations. Gibson contended that

_____

[2] Kentucky Revised Statutes.

[3] In the alternative, Atlantic and Kear argued they were entitled to summary judgment based on Hamburg's lack of privity with Atlantic and Kear. They attached to their motion an appraisal of the premises performed by Kear as an agent of Atlantic in 2007. They noted in their motion that the 2007 appraisal stated on its face that it was prepared solely for the benefit of Central Bank and Trust. So, they argued they owed no duties to Hamburg in preparing the appraisal.

Hamburg had constructive notice of the square footage of the premises based on items in the chain of title–including the deed in which Hamburg bought the property in 2006 and a plat of the condominium building which was referenced in the deed. It also argued constructive notice of the square footage from tax bills. Attached to Gibson's motion were the deed wherein Hamburg obtained the premises, a plat recorded about the third floor of the condominium, and Property Valuation Administrator ("PVA") records. (The deed, plat, and PVA records were also attached to Atlantic's and Kear's motion.)

The 2006 deed stated that the seller conveyed to Hamburg in fee simple "2700 Old Rosebud Road, Units 310 & 350, condominium units of the 2700 Old Rosebud Road Condominium, a horizontal property regime" described in the recorded master deed and "as shown on the floor plan for 2700 Old Rosebud Road" on a recorded plat "together with such Units' undivided percentage interests in the common elements of 2700 Old Rosebud Road Condominium," along with other rights and interests as described by the master deed. This 2006 deed provided deed book references with page numbers for the master deed and the plat.

The plat showed a floor plan of the third floor of the 2700 Old Rosebud Road condominium. It showed Unit 310 comprising 3,992 square feet and Unit 350 comprising 4,095 square feet. (3,992 added to 4,095 equals 8,087

square feet.) It also showed a "3rd floor common area" located between Unit 310 and Unit 350 comprising 1,913 square feet.

The PVA records described Unit 310 as being built in 2005 and having 3,992 square feet and Unit 350 as being built in 2005 and having 4,095 square feet. The square footage of Unit 310 and the square footage of Unit 350 would together total 8,087 square feet according to PVA records–though the PVA records recite that the PVA makes no warranties on the information provided, despite its efforts to provide accurate information.

Based on the deed and the plat, the defendants contended that Hamburg had constructive notice of the square footage purchased in 2006, thus making claims stemming from any misrepresentations of the square footage clearly time barred–since the complaint was filed in 2020. The defendants also contended that Hamburg received notice of the square footage of the condominium units via its tax bills each year.

Hamburg filed a response. It argued that the plat was confusing and did not clearly show that it owned only 8,087 square feet rather than the full 10,000 square feet of the building on the third floor–especially since 1,913 square feet on the plat was denoted as "third floor common area" so that one might believe this particular common area only belonged to the owner of the third floor. It also argued that the statute should not run until it received actual notice of the true

square footage because of a special or confidential relationship between the parties, and that the statute of limitations was tolled due to the defendants' concealment.

The trial court conducted a hearing on the motions to dismiss. Before addressing when any statute of limitations would have started to run, the trial court first clarified that the five-year statute of limitations for breach of fiduciary duty[4] was not applicable because Hamburg did not assert breach of fiduciary duty claims in its complaint. Instead, a one-year statute of limitations for negligence was clearly applicable.[5]

Next, the trial court explained that Hamburg had constructive notice of the nature of its ownership interests in the building since the date it signed the deed buying the premises in 2006. The trial court opined that Hamburg did have an ownership interest in all 10,000 square feet in the third floor of the office building–including having an undivided, percentage interest in the common areas– based on the deed and general law concerning condominiums. The trial judge orally stated she would grant the motion to dismiss at the end of the hearing.

After the hearing, the trial court entered a written order granting the defendants' motions to dismiss. In its written order, it adjudged that upon signing

---

[4] *See generally Ingram v. Cates*, 74 S.W.3d 783, 787 (Ky. App. 2002) ("There is no specific statutory provision providing a statute of limitations [for breach of fiduciary duty claims], and we therefore agree with the trial court that KRS 413.120(7), providing a five-year limitation for actions not arising on contract and not otherwise enumerated, governs.").

[5] *See generally* KRS 413.140(1)(f).

the 2006 deed, Hamburg had "constructive notice as to everything affecting the title to the commercial office condominiums it purchased, including the actual square footage of such commercial office condominiums as is set forth in the chain of title, *see Charles v. Whitt*, [187 Ky. 77,] 218 S.W. 994, 997 (Ky. 1920)." The trial court concluded that Hamburg's claims were time barred under the statute of limitations: "Because Hamburg Properties, as a matter of law, was on notice in 2006 of the actual square footage it purchased, the one-year statutes of limitations prescribed by KRS 413.140 ran, Hamburg Properties [sic] claims asserted herein are time barred . . . ."

The trial court thus dismissed Hamburg's claims with prejudice.[6] The order concluded by stating: "This is a final and appealable order, there being no just cause for delay."

## STANDARD OF REVIEW

An appellate court must review a trial court's granting a motion to dismiss for failure to state a claim pursuant to CR[7] 12.02(f)[8] under the non-

---

[6] As it dismissed the claims with prejudice due to the claims being time barred, the trial court determined that Atlantic's and Kear's argument about lack of privity was moot so it did not reach that issue.

[7] Kentucky Rules of Civil Procedure.

[8] Although the trial court did not explicitly state it was granting the motions to dismiss **for failure to state a claim** in its written order, all parties seemingly interpret the order as dismissing for failure to state a legally cognizable claim in their briefs. Generally, Kentucky precedent has recognized that granting a motion to dismiss based on the statute of limitations is

deferential *de novo* standard. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010);

*Kendall v. Community Cab Co., Inc.*, 610 S.W.3d 694, 695 (Ky. App. 2020).

Similarly, a trial court's grant of a summary judgment motion[9] is reviewed under

the *de novo* standard. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016).

## ANALYSIS

"When a motion is made pursuant to CR 12.02(f) for dismissal

for failure to state a claim upon which relief may be granted, 'the pleadings should

be liberally construed in a light most favorable to the plaintiff and all allegations

taken in the complaint to be true.'" *Kendall*, 610 S.W.3d at 695 (citing *Gall v.

Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)).

---

proper where the claim being time barred is evident from "the face of the complaint" –meaning the allegations therein. *See Rather v. Allen County War Memorial Hospital*, 429 S.W.2d 860, 861-62 (Ky. 1968).

[9] The trial court's order granted the defendants' motions to dismiss–which both cited CR 12.02. Atlantic's and Kear's motion also specifically referenced CR 12.02(f) – failure to state a claim – but Gibson's motion did not specifically mention CR 12.02(f) or failure to state a claim. Although neither the parties in their briefs nor the trial court in its written order characterized the dismissal as a summary judgment, CR 12.02 provides in pertinent part: "If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." To the extent that the trial court's order of dismissal could be viewed as granting summary judgment under CR 56 rather than dismissing for failure to state a claim under CR 12.02(f), we would reach the same result applying the same *de novo* standard of review as it appears that the trial court properly determined that the defendants were entitled to judgment as a matter of law and though perhaps not expressed in the exact same words, that there were no genuine issues of material fact for trial. *See generally* CR 56.03; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991).

-8-

Hamburg, in its complaint, alleged misrepresentation by the real estate professionals. Hamburg argues that accepting the allegations in its complaint as true and construing them in the light most favorable to Hamburg, there is no basis for concluding that Hamburg should have known of its cause of action prior to the 2019 appraisal by Atlantic. But the trial court concluded that Hamburg had constructive notice of the nature and extent of its ownership interests in the premises based on public records in the chain of title since 2006. This constructive notice stands outside any implications as to the real estate professionals.

The trial court's consideration of public records–such as deeds and a recorded plat–attached to the defendants' motion to dismiss in this instance did not convert the motion to dismiss to one for summary judgment.[10] *See Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 563-64 (Ky. App. 2017) (ordinarily a trial court's consideration of items outside the pleadings would convert the motion to dismiss to one for summary judgment; however, consideration of public records

---

[10] We recognize that the appraisal attached to Atlantic's and Kear's motion was not a public document–unlike deeds and plats. However, the trial court's dismissal of the action did not appear to depend on anything in the appraisal itself but its conclusion that Hamburg had constructive notice in 2006, as matter of law, of the true nature of its ownership interests in the condominium based on the deed and plat in the record. So, as Hamburg should have known the nature of its ownership interests in 2006, the trial court concluded that the statute of limitations for any negligent misrepresentations about the extent of its ownership interests had certainly run long before the negligent misrepresentation claims were filed in 2020–regardless of the contents of the appraisal. In any event, as we have already explained, summary judgment would have been proper even if the motion to dismiss had been automatically converted into a motion for summary judgment.

attached to pleadings does not convert a motion to dismiss for failure to state a claim to a motion for summary judgment).

The trial court applied the one-year statute of limitations in KRS 413.140(1)(f) for civil actions relating to professional services provided by real estate appraisers, real estate brokers, and real estate sales associates. Hamburg asserts that the discovery rule in KRS 413.140(3) undisputedly applies to the causes of action it asserted. *See* KRS 413.140(3) ("In respect to the action referred to in paragraph (f) [civil actions against real estate appraisers or real estate agents] or (l) of subsection (1) of this section, the cause of action shall be deemed to accrue within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.").

Based on the deed and other matters of public record in the chain of title, the trial court concluded that Hamburg had constructive notice of the nature and extent of its ownership interests in the condominium building. This constructive notice materialized from the time Hamburg was conveyed its interest in the premises by the 2006 deed, based on precedent such as *Whitt*–which the trial court noted was still good law and had been relatively recently cited by a federal court applying Kentucky law. *See Fuqua v. United States*, 869 F.Supp.2d 814, 821 (W.D. Ky. 2012).

Hamburg contends that the trial court misapplied the law in determining that Hamburg had constructive notice of how much square footage it actually owned based on the 2006 deed. As well as pointing to the significant age of the *Whitt* case, Hamburg argues that *Whitt* is inapplicable to the facts of this case and that actual notice, rather than constructive, must be demonstrated for the statute of limitations to run, due to some sort of special relationship between the parties. And Hamburg argues that the statute of limitations should be considered tolled due to concealment.

**Trial Court Did Not Misapply Law in Determining that Hamburg had Constructive Notice of the Extent of its Ownership Interests in 2006**

Hamburg argues that the trial court improperly relied on the century-old case of *Whitt*, 218 S.W. 994, in which the Kentucky high court generally stated that one purchasing real property would have constructive notice of anything affecting the real property noted on the face of deeds in the chain of title:

> A purchaser of lands is chargeable, as a general rule, with notice of everything affecting the lands, which appear on the face of any deed, which forms a necessary link in the chain of title under which he holds, and, further, with notice of every fact which he could have learned from inquiry, and which the things, recited in the deeds, made it his duty to inquire about.
>
> A recitation in a deed of a judgment or an action at law, as a part of the chain of title, is constructive notice to the grantee of the things which are shown by the record of the action or the judgment; and hence, although Charles had no actual knowledge of anything

-11-

appearing upon the records or judgments in the action for the recovery of the land, if anything did appear thereon which would have put an ordinarily prudent man upon inquiry which by ordinary diligent pursuit would have developed to him the fact of the lien, he was chargeable with notice of it, and hence whatever facts appear upon such record will have to be treated as being within Charles' knowledge when he accepted a deed and paid for the land.

*Id.* at 997 (citations omitted).

Hamburg argues that *Whitt* only recites a general rule, subject to exceptions, and only applies to cases about liens. But as pointed out in the appellees' briefs, the rule charging owners with constructive knowledge about items noted in documents in the chain of title has been applied to cases not involving liens such as *Blackburn v. Piney Oil & Gas Company*, 278 Ky. 191, 128 S.W.2d 192, 195 (1939); *Seat v. Louisville & Jefferson County Land Company*, 219 Ky. 418, 293 S.W. 986, 989-91 (1927); and *Parrish v. Newbury*, 279 S.W.2d 229, 232 (Ky. 1955).

Hamburg further takes issue with the trial court's determining it had constructive notice based in part on the plat, to which Hamburg contends a reference was "buried" in the deed's property description. And Hamburg contends the plat description was vague and does not overcome the allegations in its complaint. Hamburg argues the plat was confusing and did not clearly indicate that it did not own (perhaps meaning exclusively) common areas on the third floor:

-12-

> The plat merely identifies the square footage of the two units as 8,087 and identifies the square footage of the "3RD FLOOR COMMON AREA" as 1,913, which could easily be interpreted as an area common to the third-floor units owned by Appellant–as opposed to an area common to the entire building not owned by Appellant.

(Appellant's brief, p. 5.)  So, Hamburg asserts the plat does not prove as a matter of law that it should have known it had not obtained exclusive ownership of the entire 10,000 square foot third floor–especially given the defendants' representations that Hamburg was buying or already owned the entire 10,000 square-foot area on the third floor of the condominium building.

But even if the plat by itself did not clearly set forth Hamburg's interests on the third floor, the deed and the plat together did.  The deed of purchase clearly set forth that Hamburg was conveyed a fee simple interest in Units 310 and 350 (as shown on floor plan of plat) and an undivided percentage interest in all common areas of the condominium.  And even if Hamburg's representatives did not clearly understand the meaning of what Hamburg acquired via the deed, Hamburg (via its agents or representatives) had a duty to inquire further to ascertain the true nature of its ownership interests.  *Whitt*, 218 S.W. at 996-97.  Moreover, despite its age,[11] *Whitt* has not been overruled and thus remains

---

[11] As Hamburg points out, *Whitt* predates the discovery rule established in KRS 413.140(3).  But *Hamburg* cites no authority supporting its argument that the rule in *Whitt* that property owner has constructive knowledge of information provided in deeds or other documents in the chain of title

-13-

binding precedent. *See* SCR[12] 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). So, the trial court did not err in holding that Hamburg had constructive notice of the true nature of its ownership interests of the premises since 2006 based on the deed and other documents in the chain of title.

Hamburg also contends that it had a special or confidential relationship with the defendants so that due to their misrepresentations, the mere recording of the deed and/or plat would not suffice to begin running the statute of limitations. Hamburg asks us to consider *McMurray v. McMurray*, 410 S.W.2d 139 (Ky. 1966); and *Johnson v. Mitchell*, 192 Ky. 444, 233 S.W. 884 (1921). But *McMurray* provides that for actual notice to be required for the statute of limitations to run, there be both a confidential relationship and "fraud in the inception . . . ." 410 S.W.2d. at 141. Similarly, the *Johnson* case–which recognized a real estate agent's duty of confidence and utmost good faith, but did not involve questions of a motion to dismiss or statutes of limitations on appeal– proceeded to trial on allegations of fraud through taking advantage of confidential information and through actively concealing an offer and the existence and/or

---

should not apply to determining "when the cause of action was, or reasonably should have been, discovered by the party injured." KRS 413.140(3).

[12] Kentucky Supreme Court Rules.

identity of prospective purchasers. 233 S.W. at 885. Both of these cases cited by Hamburg involved allegations of fraud–unlike the instant case.

As the trial court orally noted during the hearing on the motion to dismiss here, Hamburg did not allege fraud in the complaint but simply negligent misrepresentation claims. Thus, the trial court did not err in ruling that the statute of limitations commenced when Hamburg obtained constructive notice of his ownership interests in the premises since no fraud was alleged.

Hamburg alleged intentional concealment of information by the appraisers. It contends on appeal that the trial court failed to address an argument it made that the statute of limitations was tolled due to this intentional concealment of information. In its response to the defendants' motion to dismiss, Hamburg stated: "Defendants' argument that Plaintiff should have known the truth in 2006 is unbelievable, given that Defendants (as real estate professionals) either did not make such a discovery in 2006 or knew the truth and fraudulently concealed it." (Record ("R.") p. 224.) And Hamburg noted authority *Lashlee v. Sumner*, 570 F.2d 107, 110-11(6th Cir. 1978), indicating that concealment of a cause of action calls for tolling the statute of limitations.

But despite these statements in its response to the motions to dismiss (including one motion to dismiss for failure to state a claim), Hamburg did not explicitly allege fraudulent concealment in its complaint. As the trial court pointed

out orally in the hearing, Hamburg had not amended its complaint to assert claims of fraud in addition to negligence. And our rules require that fraud be pleaded with particularity. *See generally* CR 9.02.

While perhaps the trial court did not explicitly discuss "concealment" orally at the hearing or in its written order, the trial court did explicitly discuss at the hearing that no fraud was alleged in the complaint–only negligent misrepresentation. And based upon our own review of the complaint in the written record, Hamburg makes no explicit allegations of active concealment by either defendant.

Instead, Hamburg alleged only that the defendants negligently failed to act as reasonably prudent agents or appraisers and provided inaccurate or incomplete information–NOT that the defendants intentionally withheld information or intentionally provided information they knew to be false. Nor did Hamburg allege that the defendants intentionally took action to conceal any wrongful activity by them or to conceal the existence of a cause of action–unlike *Lashlee*, 570 F.2d at 110 ("The amended complaint charged that the defendant deliberately and fraudulently concealed the alleged libelous report from him. Deliberate concealment by a defendant of the plaintiff's cause of action will toll the statute of limitations.").

Thus, as there was no allegation of intentional concealment in the complaint, there was no need to address whether the statute of limitations should be considered tolled based on concealment in resolving a motion to dismiss for failure to state a claim.

While we express no opinion on the merits of Hamburg's claims[13] had they been timely filed, we conclude that the trial court did not err in holding that these claims were barred by the statute of limitations due to Hamburg's constructive notice of the true nature of his ownership interests in the premises beginning with the 2006 purchase deed.

Further issues or arguments raised in the parties' briefs which are not discussed in this Opinion have been determined to lack merit or relevancy to our resolution of this appeal.

## **CONCLUSION**

For the reasons stated herein, we AFFIRM the trial court's judgment.

ALL CONCUR.

---

[13] Frustration on Hamburg's part about not being advised with more detail and sophistication by real estate professionals about its ownership interests in various parts of the third floor, such as its not having totally exclusive ownership of common areas on the third floor, may be understandable. Nonetheless, the trial court did not err in finding the claims asserted against the real estate professionals time barred as we discuss in the body of the Opinion.

BRIEFS FOR APPELLANT:

Joshua T. Rose
Louisville, Kentucky

BRIEF FOR APPELLEE THE
GIBSON COMPANY:

Drake W. Staples
Lexington, Kentucky

BRIEF FOR APPELLEES
ATLANTIC APPRAISAL
COMPANY AND BRADLEY KEAR:

Thomas M. Todd
David A. Trevey
Lexington, Kentucky